JOHN JOSEPH SHULICK,

        Plaintiff,

v.

STATE OF MICHIGAN, et al.,

        Defendants.

Case No. 2:09-cv-128

HON. R. ALLAN EDGAR

**OPINION**

      This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.  Factual Allegations

Plaintiff John Joseph Shulick, an inmate at the Straits Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants State of Michigan and Attorney General of the State of Michigan. Plaintiff alleges in his complaint that he is challenging the constitutionality of MCL § 600.2963. Mich. Comp. Laws § 600.2963(7) and (8) state:

> (7) For purposes of this section, the fact of a prisoner's incarceration cannot be the sole basis for a determination of indigency. However, this section shall not prohibit a prisoner from commencing a civil action or filing an appeal in a civil action if the prisoner has no assets and no means by which to pay the initial partial filing fee. If the court, pursuant to court rule, waives or suspends the payment of fees and costs in an action described in subsection (1) because the prisoner has no assets and no means by which to pay the initial partial filing fee, the court shall order the fees and costs to be paid by the prisoner in the manner provided in this section when the reason for the waiver or suspension no longer exists.
>
> (8) A prisoner who has failed to pay outstanding fees and costs as required under this section shall not commence a new civil action or appeal until the outstanding fees and costs have been paid.

Plaintiff claims that on June 5, 2008, Michigan Court of Appeals Judge Henry William Saad dismissed Plaintiff's appeal because he had a previously incurred debt for filing fees. Plaintiff claims that the application of MCL § 600.2963(8) violated his right of access to the courts. Plaintiff seeks to have this court certify this action as a constitutional challenge to MCL § 600.2963(8) as applied to the facts of this case.

II.  Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the

allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The court notes that the constitutionality of MCL § 600.2963(8) was recently addressed in *Welch v. Taylor*, No. 1:07-cv-741, 2009 WL 1885039 (W.D. Mich. June 30, 2009). In *Welch*, the court states:

> The Michigan Supreme Court interpreted subsection (8) of the statute as authorizing courts to dismiss appeals in civil suits when the prisoner has not fully paid the filing fee from a prior case. *Keenan v. Dep't of Corrections,* 466 Mich. 204, 644 N.W.2d 756, 757 (Mich.2002). Several judges have expressed concern about the constitutionality of situations where indigent prisoners in Michigan are subjected to the dismissal of a lawsuit due to deficient funds. *See Bridges v. Collette,* No. 5:06-cv-46, 2008 WL 53771 * 3 n. 3 (W.D.Mich. Jan.2, 2008) (Enslen, J.); *Coleman v. Granholm,* No. 06-12485, 2008 WL 4584934 *6 n. 6 (E.D.Mich. Oct.14, 2008) (Duggan, J.) (citing positively Judge Enslen's comment in *Bridges* ); *Askew v. Dep't of Corrections,* 482 Mich. 1040, 757 N.W.2d 117 (Mich.2008) (Kelly, J. *dissenting* ) (dissenting from an order denying application for leave to appeal and citing positively Judge Enslen's comment in *Bridges* ). Nevertheless, actions alleging the Michigan Supreme Court's interpretation of MCL § 600.2963(8) is unconstitutional have routinely been dismissed, typically without reaching the merits of the constitutional claim. *See e.g., Lynch-Bey v. Wolfenbarger,* No. 07-cv-14666, 2009 WL 1505537 (E.D.Mich. May 27, 2009) (Hood, J.) (dismissing a habeas petition filed by a state prisoner whose appeal in state court was dismissed on the basis that he had not paid the balance of the filing fee for an appeal in a different civil suit and holding the prisoner was no longer "in custody" for the reasons which

> formed the basis of his habeas petition and therefore the court lacked jurisdiction). Where prisoners filed as-applied challenges to the state appellate courts' dismissal of their appeals, federal courts have dismissed the suits on the basis of the *Rooker-Feldman* doctrine. *Nali v. Whitbeck,* No. 1:07-cv-544, 2008 WL 5381818 * 5 (W.D.Mich. Dec.22, 2008) (Jonker, J.); *Bridges,* 2008 WL 53771. *See Howard v. Whitbeck,* 382 F.3d 633, 641 (6th Cir.2004) ( *Howard II* ) (holding any as-applied challenge to the state court's decision was properly dismissed under the *Rooker-Feldman* doctrine, but reversing and remanding the action for consideration of the prisoner's general challenge to the constitutionality of the statute).

*Id.* at 2009 WL 1885039, *2.

This Court lacks subject matter jurisdiction over Plaintiff's claims. A federal district court has no authority to review final judgments of state court judicial proceedings. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Gottfried v. Med. Planning Servs., Inc.*, 142 F.3d 326, 330 (6th Cir.1998). Even constitutional claims which are inextricably intertwined with the state court decisions are not reviewable. *Feldman*, 460 U.S. at 483 n.16; *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Patmon v. Michigan Supreme Court*, 224 F.3d 504, 509-10 (6th Cir. 2000); *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995). A federal claim is inextricably intertwined with the state-court judgment "'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.'" *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 391 (6th Cir. 2002) (quoting *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir.1998)) (other internal citations omitted); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (under the *Rooker- Feldman* doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment

in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."); *Tropf v. Fid. Nat'l Title Ins. Co.*, 289 F.3d 929, 937 (6th Cir. 2002); *Anderson v. Charter Township of Ypsilanti*, 266 F.3d 487, 492-93 (6th Cir. 2001); *Patmon*, 224 F.3d at 506-07. A defendant who loses in state court and then sues in federal court is asserting injury at the hands of the state court and his federal suit is making an impermissible attempt to obtain federal collateral review. *Garry v. Gels*, 82 F.3d 1362, 1367-68 (7th Cir.1996); *Stewart v. Fleet Financial Group*, No. 96-2146, 129 F.3d 1265, 1997 WL 705219, *1 (6th Cir. Nov. 4, 1997).

Plaintiff's claims are "inextricably intertwined" with the decision of the Michigan Court of Appeals because they amount to nothing more nor less than a "prohibited appeal" from the decision of that court. *Peterson Novelties*, 305 F.3d at 390. Indeed, the Sixth Circuit previously has found that the *Rooker-Feldman* doctrine bars an action challenging the termination of parental rights in state court proceedings because such an action would be an attempted appeal from a state court decision. *See Bodell v. McDonald*, No. 00-5679, 2001 WL 137557, at *2 (6th Cir. Feb. 7, 2001), *cert. denied*, 121 S. Ct. 2595 (2001); *accord Evans v. Yarbrough*, No. 00-3588, 2001 WL 1871701, at *2 (6th Cir. Dec. 13, 2000) (applying *Rooker-Feldman* to bar review of a decision by the state courts regarding parental visitation), *cert. denied*, 121 S. Ct. 1960 (2001). The recourse available to Plaintiff in response to the adverse Michigan Court of Appeals decision is to pursue timely appeal in Michigan Supreme Court and if necessary apply for a writ of *certiorari* to the United States Supreme Court. *Gottfried*, 142 F.3d at 330 ("[L]ower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments.").

Because the *Rooker - Feldman* doctrine clearly precludes a lower federal court from reviewing state-law decisions, Plaintiff's case is dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. A claim dismissed the basis of the *Rooker-Feldman* doctrine is legally frivolous and constitutes a dismissal pursuant to 28 U.S.C. § 1915(g). *See Alpern v. Lieb*, 38 F.3d 933, 934 (7th Cir. 1994); *Parker v. Phillips*, No. 01-5325, 2001 WL 1450704 (6th Cir. 2001) (holding action to be frivolous under § 1915(g) where one ground for dismissal is *Rooker-Feldman*); *Carlock v. Williams*, No. 98-5545, 1999 WL 454880 (6th Cir. June 22, 1999) (same)

Moreover, in *Bridges v. Collette*, 2008 WL 53771, *slip op. (*W.D. Mich. Jan. 2, 2008), Judge Enslen held that Mich. Comp. Laws § 600.2963(8), read in conjunction with § 600.2963(7), was constitutional because judges are allowed to waive the rejection of suits brought by indigent suitors with unpaid balances. Therefore, even if Plaintiff's claim was not barred by the *Rooker-Feldman* doctrine, it is properly denied for lack of merit.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court dismisses the action, the court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the court will assess the appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is

barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:      9/3/09                               */s/ R. Allan Edgar*
                                         R. ALLAN EDGAR
                                         UNITED STATES DISTRICT JUDGE