UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

JOHN JOSEPH SHULICK,

               Plaintiff,               Case No. 2:09-cv-128

v.                                    Honorable R. Allan Edgar

STATE OF MICHIGAN, et al.,

               Defendants.

_____/

## OPINION

       Plaintiff John Joseph Shulick, an inmate at the Alger Maximum Correctional Facility

(LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants State of

Michigan and Attorney General of the State of Michigan.  Plaintiff alleges in his complaint that he

is challenging the constitutionality of MCL § 600.2963.  Plaintiff's complaint was dismissed on initial

screening for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine because it

was "inextricably intertwined" with the decision of the Michigan Court of Appeals.  (Docket #7, p.

5.)  Plaintiff then filed an appeal in the Sixth Circuit, which reversed and remanded, finding that

Plaintiff was attempting to assert a facial challenge to MCL § 600.2963, which is not barred by

*Rooker-Feldman*.  (Docket #20, p. 5.)

       Presently before the Court is the Defendants' Motion to Dismiss, pursuant to Fed. R.

Civ. P. 12(b)(6) (docket #35).  Plaintiff has filed a response (docket #39) and the matter is ready for

decision.  A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading, requiring the

court to determine whether the plaintiff would be entitled to relief if everything alleged in the

complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must construe the complaint in the light most favorable to plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A judge may not dismiss the complaint simply because he disbelieves the complaint's factual allegations. *Conley*, 355 U.S. at 47.

Generally, a complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *In re Delorean Motor Co. v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (*quoting Conley*, 355 U.S. at 47). The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts. *Mayer*, 355 U.S. at 638. While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *Delorean*, 991 F.2d at 1240. "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (internal quote omitted).

Defendants assert that they are entitled to dismissal of this action because Plaintiff has failed to show that MCL § 600.2963 is invalid. "Under *United States v. Salerno,* 481 U.S. 739, 107 S.Ct. 2095, 95 L. Ed. 2d 697 (1987), a plaintiff can only succeed in a facial challenge by 'establish[ing] that no set of circumstances exists under which the Act would be valid,' *i.e.,* that the law is unconstitutional in all of its applications. *Id.,* at 745, 107 S.Ct. 2095." *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 449 (2008). As noted by Defendants, Plaintiff seeks to challenge the constitutionality of MCL § 600.2963(8), which states that a prisoner may not commence a new civil action in the Michigan courts until he has paid all outstanding fees

and costs owed from prior cases. However, Defendants correctly assert that each provision in a statute must be viewed in the context of the language of the entire statute. A viable facial challenge to the statute cannot be based on reading selected excerpts of a statute out of context. *See Bridges v. Collette,* No. 5:06-cv-46, 2008 WL 53771, at * 3 (W.D. Mich. Jan.2, 2008) (Enslen Senior J.) (rejecting a prisoner's claim that Mich. Comp. Laws § 600.2963(8) was facially invalid because that section "must be read *in pari materia* with section 600.2963(7)"). In *Bridges*, the court read 600.2963(8) in conjunction with 600.2963(7). The pertinent subsections provide as follows:

> (7) For purposes of this section, the fact of a prisoner's incarceration cannot be the sole basis for a determination of indigency. However, this section shall not prohibit a prisoner from commencing a civil action or filing an appeal in a civil action if the prisoner has no assets and no means by which to pay the initial partial filing fee. If the court, pursuant to court rule, waives or suspends the payment of fees and costs in an action described in subsection (1) because the prisoner has no assets and no means by which to pay the initial partial filing fee, the court shall order the fees and costs to be paid by the prisoner in the manner provided in this section when the reason for the waiver or suspension no longer exists.

> (8) A prisoner who has failed to pay outstanding fees and costs as required under this section shall not commence a new civil action or appeal until the outstanding fees and costs have been paid.

MCL § 600.2963(7) and (8). In *Bridges*, the court found that MCL § 600.2963(7) allowed state court judges to waive the rejection of suits brought by indigent prisoners with unpaid balances where such a rejection would violate their constitutional rights. *Id.* at *3.

Defendants further note that in its decision reversing the prior dismissal in this case, the Sixth Circuit relied on *Howard v. Whitbeck*, 382 F.3d 633 (6th Cir. 2004). The Sixth Circuit stated:

> In *Howard*, a Michigan prisoner brought a § 1983 action challenging the same statute at issue here, § 600.2963, as unconstitutional because it denied access to the courts to indigents who could not pay the

3

initial partial filing fee. *Howard*, 382 F.3d at 636, 639. The district court classified Howard's claim as an as-applied challenge to the statute and concluded that the "general challenge" exception to the *Rooker-Feldman* doctrine did not apply. *Id.* at 639-40. The district court found that Howard's federal claim was "inextricably intertwined" with the state-court decision denying his appeal for failure to pay the filing fees. *Id.* at 639-40. We reversed the district court and found that Howard's complaint fairly presented a general challenge to the statute. *Id.* at 640. In doing so, we cited language in Howard's complaint where he sought an as-applied *and* a facial challenge to the statute: "Howard seeks declaratory judgment that '*both* the defendants [sic] refusal to file Plaintiff's appeal *and* portions of said statute is unconstitutional.'" *Id.* We concluded that "[w]hile the thrust of the complaint is definitely an 'as-applied' challenge, the language used clearly indicates that the statute itself is also being challenged as unconstitutional, and under *Feldman* the dismissal of the as-applied claim on the basis of *Rooker-Feldman* does not mean that the facial challenge cannot be allowed to proceed." *Id.*

Here, like the prisoner in *Howard*, Shulick not only brought an as-applied challenge to § 600.2963(8), but also explicitly asserted a facial challenge to the statute in his complaint. (*See* Compl. at 13-14 ("Petitioner asserts that this 'written motion' is a constitutional challenge that is 'double-edged': [¶] 1) An As-Applied challenge. . . .; and [¶] 2) As a Constitutional Facial Challenge. Claiming that the [statute] is also unconstitutional on its FACE, i.e., that this particular statute always applies as a barrier to any and all subsequent civil claims that specifically pertain to indigent pro se prisoner litigants regardless of their palpable possibility of prevailing on the merits. . . .") Shulick's facial challenge to the statute falls under the exception to the *Rooker-Feldman* doctrine for claims that represent a "general challenge" to a state law implicated in the state decision. *Feldman*, 460 U.S. at 482-83; *Howard*, 382 F.3d at 639. Because facial challenges to state statutes are not barred by *Rooker-Feldman*, the district court had jurisdiction to consider Shulick's facial challenge to the statute.

(Docket #20, pp. 4-5.)

Following remand in *Howard*, the district court conducted a thorough analysis of the

plaintiff's facial challenge and found it to be without merit. With regard to MCL § 600.2963(7), the

*Howard* court noted that it permits a court to waive or suspend the payment of fees and stated that

4

"neither the entire statute, nor subsection 7 itself, is invalid because waiver or suspension is permitted but not required." *Howard v. Whitbeck,* No. 5:02-cv-93, p. 21 (W.D. Mich. Feb. 7, 2005) (Miles Senior J.)  The court further stated:

> There is some indication that Michigan courts would construe subsection 7 of M.C.L. § 600.2963 in such a way that no constitutional concerns arise. In *Hadley v. Ramah*, 134 Mich. App. 380, 351 N.W.2d 305 (1984), the Michigan Court of Appeals held that use of the word "*shall*" in a prior version of M.C.R. 2.002, G.C.R. 1963, 120, which provided for waiver or suspension of filing fees in general, "denotes a mandatory duty." 351 N.W.2d at 308. The court in that case was well aware of federal constitutional mandates (which do not extend the right of court access to include all civil litigation), and there is no reason to believe that Michigan courts will ignore those mandates if they are called to apply them in an appropriate case. In any event, because the statute expressly only applies to civil claims and appeals, and not to criminal cases, it can easily be construed in such a manner that it can be applied to a broad set of prisoner claims without infringing upon their constitutionally protected rights, and is not subject to invalidation as facially unconstitutional. See *Rust* [*v. Sullivan*], 500 U.S. [173,] at 183, 111 S.Ct. at 1767 (on facial challenge to regulations, "we are concerned only with the question whether, on their face, the regulations are both authorized by [federal statute] and can be construed in such a manner that they can be applied to a set of individuals without infringing upon constitutionally protected rights") [(1991)].

*Id.* at pp. 21-22.

The court in *Howard v. Whitbeck* concluded that the statute was not on its face constitutionally invalid, stating:

> The question of the constitutionality of the fee provisions of PLRA – which are more similar to the provisions of Michigan's statute than plaintiff cares to admit – is well-worn territory in this circuit. There exists no meaningful constitutional difference between the federal and state schemes, and federal requirements mandating exhaustion of state remedies before challenging conditions of state confinement in actions under 42 U.S.C. § 1983 do not alter the court's conclusion that the State of Michigan's scheme survives rational basis review. An indigent Michigan prisoner whose civil claim or appeal is dismissed in a state court for failure to pay a filing fee can assert that

> he has exhausted all "available" state administrative remedies, which is all that federal law requires. 42 U.S.C. § 1997e(a); see Booth v. Churner, 532 U.S. 731, 734, 121 S.Ct. 1819, 1821 (2001) (holding that § 1997e(a) requires inmate to complete a prison administrative process what could provide some sort of relief). Thus, neither the language of the state and federal schemes nor the requirement that resort to one be preceded by resort to the other is sufficient to distinguish the schemes constitutionally.

*Id.* at p. 22.

Finally, Defendants rely on *Carney v. Christiansen*, 375 Fed. Appx. 494 (6th Cir. Apr. 26, 2010), in which the Sixth Circuit noted:

> To the extent [Plaintiff's] pro se handwritten complaint could be liberally construed to assert a facial challenge to M.C.L. § 600.2963(8), seeking declaratory relief independent of Judge Hood's state-court order, it could be deemed to avoid the bar of Rooker-Feldman. *See Carter v. Burns,* 524 F.3d 796, 799 (6th Cir.2008); *Howard v. Whitbeck,* 382 F.3d 633, 640-41 (6th Cir.2004). Yet, we would nonetheless be constrained to affirm dismissal of such a facial challenge for failure to state a valid claim. This is so for at least two reasons. First, the complaint does not include allegations defining the facial challenge and setting forth, for instance, a cognizable habeas corpus application or civil rights claim as to which [Plaintiff's] right of access to the courts is threatened or would be infringed by operation of § 2963(8). Second, the presumably complained-of operation of § 2963(8) is tempered by § 2963(7), which necessarily implicates the exercise of judicial discretion before the asserted injury could occur. Inasmuch as the putative injury-i.e., that [Plaintiff] could be perpetually denied access to the Michigan courts due to his indigency while incarcerated-could not occur purely as a result of legislative, administrative or ministerial proceedings, but only as the result of discretionary judicial decisions, *see Raymond v. Moyer,* 501 F.3d 548, 551-55 (6th Cir.2007); *Howard v. Whitbeck,* 212 Fed. Appx. 421, 425 (6th Cir.2007), it is apparent that this facial challenge is illusory. The putative injury could become an injury-in-fact only as a result of a state court decision, whereupon [Plaintiff's] challenge would necessarily be in the nature of an as-applied challenge targeting a judicial ruling that would be protected by Rooker-Feldman.

*Carney v. Christiansen*, 375 Fed. Appx. at 497.

In response to Defendants' motion, Plaintiff asserts that it is implausible to conclude that MCL § 600.2963(7) authorizes state courts to use their discretion to waive the rejection of suits brought by indigent prisoners with unpaid balances.  For the reasons set forth above, Plaintiff's argument lacks merit.  The court concludes that Defendants are entitled to dismissal of Plaintiff's facial challenge to MCL § 600.2963.

In light of the foregoing, Defendants' motion to dismiss (docket #35) will be GRANTED.

An Order and Judgment consistent with this Opinion will be entered.

Dated: _____9/14/2011_____          _____*/s/ R. Allan Edgar*_____
                                                                R. ALLAN EDGAR
                                                                UNITED STATES DISTRICT JUDGE